Martin C. Bryce
Christopher Corsi
BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
(856) 761-3400

*Attorneys for Defendant, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In Re:** <br><br> **Kosar P. Bhatti** | |
| Kosar P. Bhatti, <br><br> Plaintiff, <br><br> v. <br><br> Countrywide Home Loans Servicing, <br><br> Defendant. | Chapter 13 <br><br> Bankruptcy Case No. 09-38411 <br><br> Adversary Case No. 09-02894 <br><br> **Motion Day: November 17, 2010** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC" or "Defendant") through its counsel, Ballard Spahr, hereby submit this Memorandum of Law in Support of its Motion for Summary Judgment ("Motion").

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | ARGUMENT | 3 |
|  | A. Standard Of Review | 3 |
|  | B. Plaintiff's Breach Of Contract Claim Fails As A Matter Of Law | 4 |
|  | C. Plaintiff's Negligence Claim Fails As A Matter Of Law | 6 |
|  | D. Plaintiff's RESPA Claim Fails As A Matter Of Law | 7 |
|  |     1. Plaintiff Cannot Meet His Burden Of Proving Actual Damages | 9 |
|  |     2. Plaintiff Cannot Establish A Pattern Or Practice Necessary To Obtain Statutory Damages | 10 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ............................................................. 3, 4

*Berckeley Investment Group, Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006) ......................... 4

*Celotex Corp. v. Carterett*, 477 U.S. 317 (1986) ............................................................. 4

*Clark v. Modern Group Ltd.*, 9 F.3d 321 (3d Cir. 1993) ............................................................. 4

*Collier v. Wells Fargo Home Mortg.*, Civ. A. No. 04-086, 2006 WL.
    1464170 (Bankr. N.D. Tex. May 26, 2006) ......................................................... 9-10

*Cortez v. Keystone Bank, Inc.*, Civ. A. No. 98-2457, 2000 WL. 536666
    (E.D. Pa. May 2, 2000) ......................................................................................... 10

*Fireman's Insurance Co. v. DuFresne*, 676 F.2d 965 (3d Cir. 1982) ................................. 4

*Jersey Central Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103 (3d Cir.
    1985) ....................................................................................................................... 4

*Katz v. The Dime Savings Bank, FSB*, 992 F. Supp. 250 (W.D. N.Y. 1997) ..................... 11

*Newton v. United Cos. Finance Corp.*, 24 F. Supp. 2d 444 (E.D. Pa. 1998) ..................... 10

*Nieves v. Hess Oil Virgin Islands Corp.*, 819 F.2d 1237 (3d Cir. 1987) ............................ 4

*Nosek v. Ameriquest Mortg. Co.*, Civ. A. No. 02-46025, 2006 WL.
    1867096 (Bankr. D. Mass. June 30, 2006) ..................................................... 9, 11

*Public Service Enterprise Group, Inc. v. Philadelphia Electric Co.*, 722 F.
    Supp. 184 (D.N.J. 1989) ......................................................................................... 7

*Shan Industrial LLC v. Tyco International (US), Inc.*, No. 04-1018, 2005
    U.S. Dist. LEXIS 37983 (D.N.J. Sept. 12, 2005) ................................................. 7

*In re Thompson*, 350 B.R. 842 (Bankr. E.D. Wisc. 2006) ................................................ 11

*Titan Stone, Tile & Masonary, Inc. v. Hunt Construction Group*, No. 05-
    3362, 2006 WL. 2788369 (D.N.J. Sept. 27, 2006) ................................................. 7

*In re Tomesevic*, 273 B.R. 682 (Bankr. M.D. Fla. 2002) .............................................. 9, 12

*Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.*, 210 F.
Supp. 2d 552 (D.N.J. 2002) .................................................................................5

## STATE CASES

*Alloway, III v. General Marine Industries, L.P.*, 149 N.J. 620 (1997) ...............................7

*Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297 (2002) .........................................................6

*United Jersey Bank v. Kensey*, 306 N.J. Super. 540 (App. Div. 1997) ..............................6

*Weinberg v. Dinger*, 106 N.J. 469 (N.J. 1987) ...................................................................6

## FEDERAL STATUTES

12 U.S.C. §2605 ..............................................................................................................8, 9

Fed. R. Civ. P. 56(c) ............................................................................................................3

I.  **INTRODUCTION**

    Plaintiff, Kosar P. Bhatti ("Plaintiff") brings three claims against BAC for breach of contract, negligence and violation of the Real Estate Settlement Procedures Act ("RESPA"). Each claim fails as a matter of law. Indeed, Plaintiff has not presented a scintilla of evidence to support his claims.

    Moreover, Plaintiff has attempted to avoid his discovery obligations, including failing to produce a single document to establish the critical elements of his claim in response to BAC's Requests for Production of Documents. BAC respectfully submits that Plaintiff can no longer rely on his naked assertions and elusive conduct to avoid dismissal of his claims. Plaintiff simply has no evidence of any viable cause of action and BAC is entitled to summary judgment as a matter of law.

II.  **STATEMENT OF FACTS**

    Plaintiff filed a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey on October 25, 2009. On or about December 10, 2009, Plaintiff commenced Adversary Proceeding No. 09-02894 by filing a Complaint against BAC seeking damages.

    BAC is the mortgagee under a mortgage dated October 19, 2007, granted by Plaintiff (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Bank, FSB ("Countrywide Bank"), which was subsequently assigned by MERS, as nominee for Countrywide Bank, to Countrywide Home Loans Servicing, LP (now known as BAC Home Loans) pursuant to an Assignment of Mortgage. (A true and correct copy of the Mortgage is attached to the Certification of Martin C. Bryce ("Bryce Cert.") as Ex.A). BAC services this Mortgage

under Account No. *****5061. (BAC's Responses to Interrogatories ¶ 4); (Compl. ¶ 12). (A true and correct copy of Plaintiff's Complaint and BAC's Responses to Interrogatories are attached to the Bryce Cert. as Exs. B and C respectively).

Plaintiff claims that BAC charged him unauthorized late fees and misapplied payments of interest, principal and escrow charges relating to the Mortgage. However, in Plaintiff's Responses to Defendant's Interrogatories, he now claims that the misapplied payments of interest, principal and escrow charges are solely the result of the late fee charges. (A true and correct copy of Plaintiff's Responses to Defendant's Interrogatories are attached to the Bryce Cert. as Ex. D). Yet, Plaintiff fails to identify or describe the alleged unauthorized late fees and misapplied payments in any specific detail. (Compl. ¶ 13). Moreover, Plaintiff's Mortgage and Note provide that Plaintiff's monthly payments are due on the first day of every month and that failure to pay the full amount of each monthly payment by the fifteenth of every month constitutes a late payment and a late charge will be assessed (Note ¶ 6(A)); (Mortgage ¶ 1). (A true and correct copy of Plaintiff's Note is attached to the to the Bryce Cert. as Ex. E). The Plaintiff's complete payment history ("Payment History) sets forth the application of payments per the terms of the Mortgage and Note. (A true and correct copy of Plaintiff's complete Payment History for the Mortgage is attached to the to the Bryce Cert. as Ex. F); (BAC's Response Letter ¶ 1) (A true and correct copy of BAC's Response Letter is attached to the Bryce Cert. as Ex. G).

Plaintiff's Payment History clearly establishes that his March 2008 payment was received late on March 21, 2008. (See Payment History pg. 4). Further, Plaintiff's attempted payments on March 4, 2008 and April 2, 2008 were reversed due to

insufficient funds. (See Payment History pp. 3-4). In the end, Plaintiff completely stopped making payments on his Mortgage in November of 2008. (See Payment History pg. 5).

On or about August 11, 2009[1], Plaintiff's counsel sent a purported "Qualified Written Request" ("QWR") under RESPA to BAC vaguely contending that they "believed" unspecified payments "have been improperly applied or not applied at all" and that they were charged unspecified "bankruptcy related fees." However, Plaintiff fails to identify any such misapplied payments. (See purported QWR Letter). (A true and correct copy of Plaintiff's purported QWR Letter is attached to the Bryce Cert. as Ex. H). On or about November 20, 2009, BAC's counsel responded to Plaintiff's purported QWR letter and additionally enclosed a Payment History for the Mortgage. (BAC's Response Letter).

### III. ARGUMENT

#### A. Standard Of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, Summary judgment is appropriate when the evidence "is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986).

When a motion for summary judgment is made and supported, the burden shifts to the non-moving party to point to specific facts indicating that there is a genuine

---

[1] BAC received the purported QWR letter on August 25, 2009.

issue for trial. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985); see also Anderson, 477 U.S. at 248 ("a party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' ") (citation omitted). "[A] genuine issue means that the evidence must create a fair doubt, and wholly speculative assertions will not suffice." Jersey Cent., 772 F.2d at 1109 (citation omitted). Courts grant a party summary judgment pursuant to Fed. R. Bankr. 7056 when the issues to be decided are legal in nature and no genuine issues of material fact exist. See Celotex Corp. v. Carterett, 477 U.S. 317 (1986).

Thus, Rule 56 and Bankruptcy Rule 7056 do not allow a party opposing summary judgment to rely solely upon bare assertions, conclusory allegations, or mere suspicions. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982); see also Nieves v. Hess Oil Virgin Islands Corp., 819 F.2d 1237, 1252 (3d Cir. 1987) (stating that "unsupported allegations and assertions do not prevent summary judgment"). Rather, if the party opposing the motion for summary judgment has the burden of proof at trial, that party must produce facts "sufficient to establish the existence of an element essential to the party's case." Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) (citation omitted). Furthermore, that evidence "must [be] ... admissible evidence that would be sufficient to show all elements of a prima facie case under applicable substantive law." Clark v. Modern Group Ltd., 9 F.3d 321, 326 (3d Cir. 1993).

Under these standards, Plaintiff's baseless, conclusory allegations raise no issues of triable fact and summary judgment should be entered in Defendant's favor.

### B. Plaintiff's Breach Of Contract Claim Fails As A Matter Of Law

A claim for breach of contract requires proof that: (1) a contract existed

between the parties; (2) that the contractual terms were breached; (3) that the non-breaching party was harmed by this breach; and (4) that the non-breaching party performed his own contractual obligations. Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc., 210 F.Supp.2d 552, 561 (D.N.J. 2002).

Plaintiff has failed to set forth any evidence that BAC had a contractual obligation to him that was violated. Furthermore, the evidence establishes that Plaintiff failed to perform his own contractual obligations.

Plaintiff's Note and Mortgage govern the relationship between Plaintiff and BAC. Plaintiff's Mortgage and Note provide that Plaintiff's monthly payments are due on the first day of every month and that failure to pay the full amount of each monthly payment by the fifteenth of every month constitutes a late payment and a late charge will be assessed (Note ¶ 6(A)); (Mortgage ¶ 1). Although it is wholly unclear what specific late charges Plaintiff believes are unauthorized, the evidence establishes that Plaintiff's March 2008 payment was received late on March 21, 2008. (See Payment History pg. 4). Further, Plaintiff's attempted payments on March 4, 2008 and April 2, 2008 were reversed due to insufficient funds. (See Payment History pp. 3-4). Eventually, Plaintiff completely stopped making payments on his Mortgage in November of 2008. (See Payment History pg. 5). Thus, the evidence establishes that Plaintiff failed to make timely payments under his contract with BAC. This precludes him from advancing his breach of contract claim. See Video Pipeline, Inc. 210 F.Supp.2d at 561 (requiring a party to prove that he performed his own contractual obligations to succeed under breach of contract).

Furthermore, Plaintiff has not and cannot demonstrate that BAC breached

the terms of the Mortgage and Note. BAC properly assessed Plaintiff a late fee because his payment due on March 1, 2008 was not received until March 21, 2008. (See Payment History pg. 4). This late fee was explicitly authorized by the terms of the Mortgage and Note. (Note ¶ 6(A)); (Mortgage ¶ 1).

As a result, the Plaintiff's claim for breach of contract fails as a matter of law and summary judgment should be granted in favor of BAC.

### C. Plaintiff's Negligence Claim Fails As A Matter Of Law

Negligence has four essential elements: "(1) duty of care, (2) breach of duty, (3) proximate cause, and (4) actual damages." Weinberg v. Dinger, 106 N.J. 469, 484 (N.J. 1987). Thus, "[i]t is not … enough to ground liability in negligence to show that a defendant did not act with reasonable care, and that this carelessness caused injury. Plaintiff must also show that defendant owes him a duty of care." Id. at 484-85. This duty may not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law. Saltiel v. GSI Consultants, Inc., 170 N.J. 297, 316 (2002).

Plaintiff seemingly contends that BAC had a duty not to harm him arising out of their relationship as mortgagor and mortgagee. (Compl. ¶ 30). However, "there is no presumed fiduciary relationship between a bank and its customer . . . [t]he virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty." United Jersey Bank v. Kensey, 306 N.J. Super. 540, 552 (App. Div. 1997) (citations omitted). Thus, Plaintiff's sole basis for a duty fails as a matter of law, and, his negligence claim cannot survive.

Furthermore, it is beyond dispute that the loss allegedly suffered by Plaintiff was purely economic. Plaintiff alleges that his only harm was that he suffered

financial losses (Compl. ¶ 31). The economic loss doctrine, however, "bars a plaintiff from recovering purely economic losses suffered as a result of a defendant's negligent or otherwise tortious behavior, absent proof that the defendant's conduct caused actual physical harm to a plaintiff or his property." Public Service Enter. Group, Inc. v. Philadelphia Electric Co., 722 F.Supp. 184, 193 (D.N.J. 1989). Thus, as Plaintiff seeks only economic losses, his negligence claim is barred by the economic loss doctrine. See id.; Alloway, III v. General Marine Industries, L.P., 149 N.J. 620, 627, 633 (1997) (noting that economic loss is not recoverable under tort theories, but rather, is protected by a contractual duty) (citations omitted); Shan Indus. LLC v. Tyco Int'l (US), Inc., No. 04-1018, 2005 U.S. Dist. LEXIS 37983 *14 (D.N.J. Sept. 12, 2005) ("the doctrine prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract.") (quotations omitted); Titan Stone, Tile & Masonary, Inc. v. Hunt Constr. Group, No. 05-3362, 2006 WL 2788369, *4 (D.N.J. Sept. 27, 2006) (dismissing complaint where plaintiff "does not claim to have suffered any physical injury or any injury to its property").

As a result, the Plaintiff's negligence claim fails as a matter of law and summary judgment should be granted in favor of BAC.

**D. Plaintiff's RESPA Claim Fails As A Matter Of Law**

Plaintiff's counsel sent BAC a purported QWR which was received on August 25, 2009. Plaintiff cannot contend that BAC ignored his alleged QWR because BAC's counsel did in fact respond. In responding, BAC informed Plaintiff that "the information requested in the Letter [the purported QWR] goes well beyond that which is available through a qualified written request made under 12 U.S.C. §2605." (BAC's Response Letter). Despite Plaintiff's failure to conform his purported QWR with 12

U.S.C. §2605, BAC did respond fully to those inquires which were consistent with 12 U.S.C. §2605. (BAC's Response Letter).

In that regard, Plaintiff's purported QWR sought responses to 37 separate inquiries. (See purported QWR Letter). Under § 2605(e), a loan servicer has an obligation to act when it receives a QWR from the borrower or borrower's agent "for information relating to the servicing of [the] loan." 12 U.S.C. § 2605(e)(1)(A). However, here, Plaintiff's inquiries sought information that was well beyond information relating to the servicing of the Mortgage. For example, Plaintiff sought information regarding BAC's investors, trustees, mortgage pools and mortgage warehouses which simply had nothing to do with the servicing of the Mortgage. (See purported QWR Letter ¶¶ 22-28; 34-37). Plainly, Plaintiff's purported QWR clearly sought information well beyond the scope of a legitimate QWR.

Notably, Plaintiff's purported QWR also failed to provide any detail regarding any alleged error made by BAC, the servicer, in connection with the Mortgage, including any detail as to the allegedly misapplied payments or bankruptcy related fees. Simply stated, a QWR must allow the recipient to identify "the account of the borrower" and must provide "sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Here, the Plaintiff has failed to comply with the statute by providing insufficient detail regarding the information sought as it relates to any alleged error by BAC..

Even if the August 25, 2009 letter somehow did constitute a qualified written request to which BAC did not fully respond, Plaintiff is unable to prove any damages arising from non-compliance. Section 2605(f)(1) of RESPA provides:

> (f) Damages and costs
>
> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:
>
> (1) Individuals
>
> In the case of any action by an individual, an amount equal to the sum of--
>
> (A) any *actual damages* to the borrower as a result of the failure; and
>
> (B) any additional damages, as the court may allow, in the case of *a pattern or practice of noncompliance* with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1) (emphasis added). In either case, Plaintiff is entitled to no damages.

### 1. Plaintiff Cannot Meet His Burden Of Proving Actual Damages

It is Plaintiff's burden to show actual damages: "The Plaintiff must establish that the economic injury was proximately caused by the bank's violation of the Real Estate Settlement Procedures Act." Nosek v. Ameriquest Mortg. Co., Civ. A. No. 02-46025, 2006 WL 1867096 *6 (Bankr. D. Mass. June 30, 2006) (quoting In re Tomesevic, 273 B.R. 682, 687 (Bankr. M.D. Fla. 2002)). Furthermore, actual damages may not be premised upon speculation. Id. Consequently, where a plaintiff fails to offer evidence of actual damages proximately caused by the failure to timely respond to a qualified written request, summary judgment must be entered in favor of the defendant. Id.; Collier v. Wells Fargo Home Mortg., Civ. A. No. 04-086, 2006 WL 1464170 *3 (Bankr. N.D. Tex. May 26, 2006) (awarding summary judgment in favor of defendant

where plaintiff offered no proof that he "suffered actual damages flowing from any inadequate response or failure to respond").

Here, *if* Plaintiff's counsel's August 25, 2009 letter constituted a qualified written request to which BAC failed to fully respond, Plaintiff could recover any actual damages caused by BAC's failure. Plaintiff, however, has neither alleged, nor adduced any evidence to prove, that he suffered any actual damages as a result of BAC's alleged failure to comply.

Thus, Plaintiff's claim for actual damages under section 2605(f)(1)(A) fails as a matter of law.

### 2. Plaintiff Cannot Establish A Pattern Or Practice Necessary To Obtain Statutory Damages

Under section 2605(f)(1)(B) of RESPA, statutory damages are recoverable only upon a showing of "a pattern or practice of noncompliance" with qualified written requests for information under RESPA. "[T]he term 'pattern or practice' . . . is not a term of art but rather is defined according to the usual meaning of the words. The term suggests a standard or routine way of operating." Cortez v. Keystone Bank, Inc., Civ. A. No. 98-2457, 2000 WL 536666 *10 n. 12 (E.D. Pa. May 2, 2000) (emphasis added); see also Newton v. United Cos. Fin. Corp., 24 F. Supp. 2d 444, 456 (E.D. Pa. 1998) (explaining that the term "pattern or practice" as used in TILA refers to "wide-ranging and institutionalized practices").

In this case, Plaintiff has specifically alleged and produced evidence of *only one* alleged qualified written request under section 2605(e) of RESPA – his counsel's August 25, 2009 letter. (Compl. at ¶ 14.) As noted above, BAC properly

responded to Plaintiff's purported QWR letter. Thus, Plaintiff has not even established a single violation of RESPA - much less a pattern of violations.

In any case, BAC services hundreds of thousands of mortgages all over the country. Sheer common sense dictates that even if BAC were deemed to have failed to comply here, evidence of one failure to respond to a borrower's qualified written request fails, as a matter of law, to establish "a standard or routine way of operating" or a "wide-ranging and institutional practice" on the part of the company. See Nosek, 2006 WL 1867096 at *6-7 (denying claim for statutory damages and commenting that one failure to respond to a qualified written request did not constitute "evidence or testimony that the Defendant, [a] large company that services mortgages in most if not all fifty states, had a practice of not responding to qualified written requests").

Indeed, the case law is overwhelmingly clear that, even for smaller servicers, one or two failures to respond to a borrower's qualified written request fails, as a matter of law, to establish "pattern or practice" within the meaning of section 2650(f)(1)(B) of RESPA. See Katz v. The Dime Savings Bank, FSB, 992 F. Supp. 250, 258 (W.D. N.Y. 1997) (holding that *one* failure to respond to qualified written request did not constitute "pattern or practice of noncompliance," reasoning that "if Congress had intended for a single violation to be sufficient for liability for the specified damages, then there would have been no reason to include the phrase "pattern or practice"); In re Thompson, 350 B.R. 842, 852 (Bankr. E.D. Wisc. 2006) (*five* failures to respond to qualified written request did not constitute a "pattern or practice of noncompliance); Maxwell v. Fairbanks Capital Corp., 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (*two*

failures to respond did not constitute "pattern or practice"); In re Tomesevic, 273 B.R. at 686-87 (*one* failure to respond did not constitute a "pattern or practice").

Thus, Plaintiff cannot show that BAC had a pattern or practice of failing to comply with qualified written requests under RESPA by pointing to only one alleged violation. Plaintiffs' claim for statutory damages under RESPA, therefore, fails as a matter of law.

As a result, Plaintiff's RESPA claim fails entirely as a matter of law and summary judgment should be granted in favor of BAC.

## IV.  CONCLUSION

For the foregoing reasons, BAC respectfully requests that the Court enter an Order granting summary judgment in favor of BAC.

BALLARD SPAHR LLP
A Pennsylvania Limited Liability Partnership

By: /s/ Martin C. Bryce
    Martin C. Bryce, Esquire
    Christopher Corsi, Esquire

Dated:  October 4, 2010         *Attorneys for Defendant, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*